# In the United States Court of Federal Claims

No. 17-956C (Pro Se)
(Filed: October 3, 2017 | Not for Publication)

|  |  |
|---|---|
| DIMITRI KAPURANI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Keywords: Pro Se Complaint; Subject Matter Jurisdiction; RCFC 12(b)(1). |

**FILED**
**OCT - 3 2017**
U.S. COURT OF FEDERAL CLAIMS

*Dimitri Kapurani*, Streamwood, IL, pro se.

*Sonia Marie Orfield*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Lisa L. Donahue*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

    This case is currently before the Court on the government's motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) or in the alternative pursuant to RCFC 12(b)(6) for failure to state a claim. The plaintiff in this case, Dimitri Kapurani, acting pro se, has filed a complaint against the United States seeking an award to him of $50,000,000.

    Mr. Kapurani's complaint offers very little detail regarding the nature of his claims. He appears to allege that he has been improperly hospitalized in state mental institutions more than fifteen times since he was a child. Compl. at 1–2, Docket No. 1. He also asserts that he has been "tortured by the president who was born at [Q]ueen Kapiolani Medical [C]enter for [W]omen and [C]hildren," which the Court takes as a reference to President Obama, whom he also claims "wr[o]te abusive speeches" about him. Id. Mr. Kapurani further alleges that he was raped by a doctor, apparently while he was in a Kaiser Permanente medical facility in California. Id.

    In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the court may also "inquire into jurisdictional facts" to

7017 1450 0000 6959 9627

determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In this case, Mr. Kapurani has failed to identify a source of a substantive right to damages based on his claim. Thus, to the extent that Mr. Kapurani's claims concerning his institutionalization (including his allegation of rape) are based on the actions of state employees or private actors, this Court lacks jurisdiction to consider them because the Tucker Act applies only to suits against the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). And assuming that Mr. Kapurani's claims that President Obama "tortured" him could be construed as claims that his rights under the Fourth Amendment, the Fifth Amendment's Due Process Clause, or the Eighth and Fourteenth Amendments were violated, this Court lacks jurisdiction over such claims as well because those constitutional provisions are not money-mandating. Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (Fifth Amendment's Due Process Clause); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process and Equal Protection Clauses of Fourteenth Amendment). Finally, Mr. Kapurani's claims that President Obama wrote abusive speeches about him are also outside of this Court's jurisdiction because they sound in tort, and this Court lacks jurisdiction over tort claims. Keene Corp. v. United States, 508 U.S. 200, 214 (1993).

## CONCLUSION

Based on the foregoing, the government's motion to dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.[1]

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

[1] Mr. Kapurani has also filed a motion to proceed in forma pauperis, Docket No. 4, which the Court **GRANTS** solely for purposes of ruling on the government's motion to dismiss. Further, the Court has received an additional document from Mr. Kapurani, which the Court will treat as a response to the government's motion. The document shall be filed by the Court's leave.